FILED
SUPERIOR COURT
OF GUAM

2014 AUG -6 PM 3: 52

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

| | | |
|---|---|---|
| LPP MORTGAGE LTD., | ) | Civil Case no. CV1539-13 |
| Plaintiff, | ) | |
| vs. | ) | **DECISION AND ORDER** |
| ALFRED O. SEVILLO, | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiff's Motion for Summary Judgment was taken under advisement on July 16, 2014. Plaintiff was represented by attorney Mark S. Beggs. Defendant has filed a *pro se* pleading and did not cause to be filed any papers in opposition to Plaintiff's motion. After considering the matters presented, the Court now issues the following decision and order granting Plaintiff's motion for summary judgment.

### BACKGROUND

This action stems from Plaintiff's December 20, 2013 complaint for breach of contract and collection on a promissory note. The complaint alleges that Defendant failed to comply with the payment terms of the note leaving an unpaid balance of $2,862.60, accruing at an interest rate of 4%, as of September 19, 2012 and requests an award attorney fees, post judgment interest and costs.

Defendant filed an answer on April 29, 2014. In it he denies his failure to comply with



the terms of the promissory note.

On June 11, 2014, Plaintiff filed a motion for summary judgment. In it Plaintiff argues that Defendant has admitted to signing the promissory note. It further refers to the declaration of Bret Maloney, who attests that Defendant has failed to make the payments required by the promissory note and to the terms and amounts of the note. Plaintiff argues that these undisputed facts, as a matter of law, entitle it to a summary judgment.

Defendant did not file a paper in opposition.

## UNDISPUTED FACTS

The Court finds that it is undisputed that:

1. Plaintiff, has been engaged to service a loan or promissory note entered into by the Defendant and U.S. Small Business Administration (hereafter SBA) on November 19, 1992;

2. On November 19, 1992, SBA and Defendant executed a promissory note wherein SBA loaned Defendant $6,800.00 and Defendant agreed to make monthly payments of $72.00 to SBA for 10 years with interest accruing at an annual rate of 4%;

3. Defendant has failed to make the payments required by the note;

4. As of June 5, 2014, the principal balance owing on the note was $2,862.60 in principal and $333.79 in accrued interest;

5. The terms of the note provide for a defaulting parties' payment of all expenses, including attorney fees related to the enforcement of the terms of the note.

## DISCUSSION

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Iizuka Corp. V. Kawasho International*, (Guam), Inc., 1997 Guam 10 ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶7.

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27, ¶7; *Iizuka*, 1997 Guam 10 ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, 2000 Guam 27 ¶7; Guam Top, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete

failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-323 (1986) (internal citations omitted). A genuine issue precluding summary judgment exists "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *M Electric Corporation v. Phil-Gets (Guam) International Trading Corporation*, 2012 Guam ¶ 11.

As set forth by the Guam Supreme Court in 2013 the "three recognized elements of a contract are an offer, acceptance, and consideration." *Mack v. Davis*, 2013 Guam 13, ¶ 33. Moreover the commonly recognized elements of a claim for breach of contract are, "(1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed.Cir.1989). After reviewing the undisputed facts herein the Court finds that as a matter of law they merit the entry of a summary judgment.

//

//

//

## CONCLUSION

For the reasons set forth above Plaintiff's motion for summary judgment is granted. Plaintiff is hereby entitled to a judgment of $2,864.60 in principal, 4% pre-judgment interest and an award of its reasonable costs and attorney fees. Within 14 days of entry of this order Plaintiff shall submit the proposed judgment including the above fees.

SO ORDERED, this ___6th___ day of ___August___ 2014.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam